IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Michael A. Wolf, | ) | |
| | ) | |
| Debtor. | ) | Nos. 18 cv 07952, 18 cv 07953, |
| | ) | 19 cv 1978, 19 cv 8154, and |
| | ) | 19 cv 8299 |
| | ) | |
| | ) | |
| N. Neville Reid, not individually, | ) | |
| but solely in his capacity as Chapter 7 | ) | |
| Trustee for the bankruptcy estate of | ) | |
| Michael A. Wolf | ) | |
| | ) | (Bankruptcy Case No. 14 B 27066) |
| Plaintiff-Appellees, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Wolf, Scott Wolf, et al. | ) | |
| | ) | |
| Defendants - Appellants. | ) | |

**MOTION TO AMEND JUDGMENT ORDER TO CORRECT CLERICAL ERROR**

N. Neville Reid, not individually but solely as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Michael Wolf (the "Debtor"), by his attorneys Nisen & Elliott, LLC, as his Motion To Amend Judgment Order To Correct Clerical Error, states as follows:

**Introduction**

1. On September 30, 2022, this Court entered a Memorandum Opinion and an accompanying Judgment Order affirming the Bankruptcy Court and entering judgment in favor of appellees and against appellants. The decision of this Court is well reasoned and detailed and the Trustee does not challenge its substance. He files this Motion solely to correct a few clerical errors that are likely the result of *pro se* appellants appeal of seventy-nine issues across twenty-

eight rulings.

I. **The Judgment Order Should Be Entered In Adversary Proceeding 16-482.**

2. In the Bankruptcy Court, certain defendants related to Scott Wolf argued that a now-repealed Local Bankruptcy Rule required the Trustee to separate his claims into multiple adversary complaints. The Bankruptcy Court agreed and as a result, the Trustee was required to file six separate adversary proceedings.

3. The Wolfs' appeals, however, arose out of only three of those adversary proceedings: (1) 16-00066; (2) 16-00482; and (3) 16-00485.

4. After the Judgment Order of this Court was entered in all of the district court cases encompassing the Wolfs' appeals, the Judgment Order was also entered on two of the three dockets of the adversary proceedings in the Bankruptcy Court from which the appeals arose (16-0006 and 16-00485).

5. The Judgement Order was not entered on the docket of the third adversary proceeding from which the appeals arose (16-00482).

6. To correct this clerical error, the Judgment Order should also be entered on the docket in 16-00482.

II. **The Judgment Order Should Clarify That It Disposes Of All Claims Against All Of The Defendants In The Wolfs' "Third Party Complaint."**

7. The Third Party Complaint filed by Michael and Peter Wolf in the Bankruptcy Court was 374 pages, 108 counts, 1,928 paragraphs and named the following defendants:

> Neville Reid, individually, N. Neville Reid, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy Estate of Michael A. Wolf, the Bankruptcy Estate of Michael A. Wolf, Daniel Patrick Dawson, individually, Joseph Anthony Ptasinski, individually, Carly Vandewalle Gibbs, individually, Nisen & Elliott, LLC, Members of Nisen & Elliott, LLC, including Michael J. Daley, Helen M. Jensen, John K. Kneafsey, John F.

        Lesch, Thomas V. McCauley, Robert O. Middleton, Kenneth Rojc, William A. Walker, Mark F. Zaenger, Edward B. Mueller, Michael H. Moirano, William Raleigh, John C. Stiefel, and Paul F. Gerbosi, Fox Swibel Levin & Carroll, LLP, Ryan T. Schultz, individually, Anabelle D. Bouse, individually, Edward Russell Lewis, Elizabeth Greenberg Wolf, EGG Worldwide Inc., a Delaware corporation, EGG Worldwide Inc., an Illinois corporation, Design Network International, Ltd., an Illinois corporation, Barry B. White, Eleanor G. White, Foley Hoag LLP, Amy Lynn Gertler, individually, Michael Farr Koenigsberger, individually, Laura Marie Presto, individually, Grund & Leavitt, P.C., Denise Hughes, Michael J. Cummins, individually, the Law Offices of Michael J. Cummins, John Doe I and any other unnamed entities or individuals that may have contributed or participated in actions and schemes undertaken and carried out by the named entities and individuals above.

8. The Bankruptcy Court correctly dismissed the Third Party Complaint.

9. Michael and Peter Wolf appealed the dismissal of the Third Party Complaint.

10. This Court correctly affirmed the Bankruptcy Court's dismissal of the Third Party Complaint.

11. However, the Judgment Order recently entered by this Court includes the names of some but not all of the defendants/appellees, which omission might create confusion as to the outcome of the appeal for the remaining defendants/appellees.[1]

12. To avoid any confusion that the appeals disposed of the claims against all of the defendants, the Trustee requests that an Amended Judgment Order be entered which simply states that judgment is entered in favor of appellees against appellants and this resolves all appeals related to all of the defendants named in the Third Party Complaint. A draft of a

---

[1] It appears the dockets in the district court cases do not include all of the parties to the appeal. For example, the principal brief of the appellees was filed on behalf of the "Trustee Defendants" Norman Neville Reid, individually and N. Neville Reid in his capacity as Chapter 7 Trustee for the bankruptcy Estate of Michael A. Wolf, Fox Swibel Levin & Carroll, LLP, Ryan T. Schultz, Anabelle D. Bouse, Nisen & Elliott, LLC, Daniel Patrick Dawson, Joseph Anthony Ptasinski, Carly Vandewalle Gibbs, Michael J. Daley, Helen M. Jensen, John K. Kneafsey, John F. Lesch, Thomas V. McCauley, Robert O. Middleton, Kenneth Rojc, William A. Walker, Mark F. Zaenger, Edward B. Mueller, Michael H. Moirano, William Raleigh, John C. Stiefel, and Paul F. Gerbosi. In addition, the dockets in the district court appear to include parties who were not parties to the appeal. See, below.

proposed Judgment Order accomplishing this is attached hereto as Exhibit A.

13. Alternatively, the Court could amend its Judgment Order to name the defendants/appellees and confirm this resolves all appeals related to all of the defendants named in the Third Party Complaint. A draft of a proposed Judgment Order accomplishing this is attached hereto as Exhibit B.[2]

### III. The Judgment Order Should Not Include Melissa Skolnick Or Four Legs, Inc.

14. The Clerk of the District Court included Melissa Skolnick (sometimes misspelled as Scolnic) and Four Legs, Inc. as appellees on its dockets for cases 18-7952, 18-7953 and 19-1978.[3] This was a clerical mistake. Neither Melissa Skolnick nor Four Legs, Inc. were parties to the Bankruptcy Court's judgment or these appeals as they were not held in default and they ultimately settled with the Trustee.[4]

15. Nonetheless, likely as a result of the clerical error on the docket, this Court's Judgment Order inadvertently included Melissa Skolnick and Four Legs Inc., both non-parties to this appeal, in its Judgment Order.

16. To correct this error, the Trustee requests the Court enter an Amended Judgment Order that removes Melissa Skolnick and Four Legs, Inc. The proposed Amended Judgment Orders attached hereto as Exhibit A and Exhibit B both accomplish this.

### IV. A Money Judgment Should Be Entered Against MMQB, Inc.

17. As correctly noted in the Judgment Order recently entered by this Court, the

---

[2] The proposed orders attached to this motion also add the word judgment to the sentence affirming the Bankruptcy Court Orders.

[3] The Clerk of the District Court also listed other parties as appellants on the dockets of these cases who never filed an appeal brief including Zig-Zag Corp., ZZC Inc., MMQB Inc., Hound Ventures Inc., SHBM, Inc. and Ma Cherie LLC.

[4] Neither of these parties is mentioned anywhere in this Court's Memorandum Opinion. The claims against Melissa Skolnick and Four Legs, Inc were ultimately resolved through a settlement.

Bankruptcy Court entered a final default judgment incorporating associated proposed findings of fact and conclusions of law in adversary proceeding 16-00066 on November 11, 2018.

18. As noted in the Bankruptcy Court's proposed findings of fact and conclusions of law, the sole reason the Bankruptcy Court did not enter a final judgment against MMQB, Inc. was that MMQB, Inc. had not consented to the Bankruptcy Court's final adjudication of the claims against it.

19. In fact, the Bankruptcy Court's Memorandum Opinion stated:

> As regards MMQB. Inc., this opinion shall serve as this court's proposed findings of fact and conclusions of law, with the court's recommendation and ultimate proposed conclusion of law being that judgment be entered against MMQB, Inc. in the amount of $2, 100,000 based on its status as a subsequent transferee of the fraudulently transferred MMQB business under section 550(a)(2).

See, Docket 654-1 in Adversary Proceeding 16-00066 (p. 79 of the Memorandum Opinion). See also, Docket 655 in Adversary Proceeding 16-00066 stating:

> This court, not having the constitutional authority to enter a final judgment against MMQB, Inc. on Counts I, 7, 8, and 9 of the complaint, hereby offers Parts II, III, IV, VI.a, VI.g.1, VI.h1, VI.i.1, and VI.r.2 of this court's memorandum opinion as this court's proposed findings of fact and conclusions of law as to MMQB, Inc.'s liability, with this court's ultimate proposed conclusions of law being that (1) judgment be entered against MMQB, Inc. on the above mentioned counts and that (2) MMQB, Inc. be ordered to pay the sum of $2,100.000 to the trustee, N. Neville Reid.

20. Consistent with the Bankruptcy Court's recommendation, this Court's Judgment Order enters judgment against MMQB, Inc. but does not specifically include the monetary figure (i.e. $2,100,000) in the order as required by Rule 58 of the Federal Rules of Civil Procedure and Rule 7058 of the Federal Rules of Bankruptcy Procedure.

21. The Trustee therefore request that the Court amend its Judgment Order against

MMQB, Inc. to include the judgment amount. The proposed Amended Judgment Orders attached hereto as Exhibit A and Exhibit B both accomplish this.

Wherefore, for all of the foregoing reasons, N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Michael A. Wolf, requests this Court to amend the Judgment Order to correct the clerical errors described herein by entering an order in substantially the form of either Exhibit A or Exhibit B attached hereto, and for all other relief this court deems just.

          N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Michael A. Wolf,

          /s/ Daniel P. Dawson
          One of his attorneys

Daniel P. Dawson (ARDC #6199728)
Nisen & Elliott, LLC
200 West Adams Street, Suite 2500
Chicago, Illinois 60606-4637
(312) 346-7800
ddawson@nisen.com
adrag@nisen.com