

SMB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re MICHAEL WOLF, | ) | No. 19-cv-08299 |
| Debtor. | ) | |
| ---------------------------------------------- | ) | Consolidated Cases: |
| N. NEVILLE REID, not individually, but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Michael A. Wolf, et al., | ) | Nos. 18 C 07952, 18 C 07953, 19 C 01978, 19 C 08154, and 19 C 08299 |
| Plaintiffs-Appellees, | ) | Judge John J. Tharp, Jr. |
| v. | ) | (Bankr. No. 14 B 27066) (Adv. Proc. 16 AP 00066) |
| MICHAEL WOLF, SCOTT WOLF, et al., | ) | BANKRUPTCY APPEAL under 28 U.S.C. §158(a) |
| Defendants-Appellants. | ) | |

## APPELLANT/DEFENDANT MICHAEL WOLF'S FED. R. BANKR. P. 8022 MOTION FOR REHEARING / RECONSIDERATION

Now Comes Appellant/Defendant, Michael Wolf ("Michael"), *pro se*, and pursuant to Rules 8013 and 8022 of the Federal Rules of Bankruptcy Procedure, hereby moves this Honorable Court ("This Motion") for rehearing and reconsideration of its Memorandum Opinion and Order (Doc. 23, "Opinion"), its Minute Order (Doc. 22) and its Judgment Order (Doc. 24), all entered on September 30, 2022. In support of This Motion, the movant urges upon the Court reconsideration of the following errors of fact and law, and states as follows:

## Introduction

In its Opinion, this Court correctly cured multiple errors of fact and law made by the Bankruptcy Court in its Memorandum Opinion dated November 19, 2018[1].

Specifically relevant to This Motion is this Court's now-corrected analysis of the marital property division between Michael and Elizabeth Wolf.

In a concurrently filed rehearing motion by Scott Wolf, a detailed analysis is made of the multiple errors of law that now follow from the corrected marital property division interpretation.

To summarize, since all of the debtor's property became marital estate property – and the entire marital estate was awarded to the non-debtor spouse – the bankruptcy estate does not and never contained any property of the debtor.

Since the marital estate existed before the bankruptcy estate, even if any alleged fraudulent transfers are avoided, the effect of such an avoidance under Illinois law is to reinstate the property as if it hadn't been transferred – which means that any and all property would become marital property and thus part of the martial estate awarded 100% to the non-debtor spouse, before it would become property of the bankruptcy estate. Only those with secured rights existing pre-divorce filing have an interest in marital property. The Trustee, however, only obtained his (***now vanished***) contingent interest in the debtor's property post-divorce filing.

---

[1] 16-ap-00066, ECF No. 654.

Under the Bankruptcy Code, the Supreme Court has affirmed the same result – that "property of the debtor" only means property that **would have** become property of the bankruptcy estate, had it not been fraudulently transferred.

There is no way around this. Avoidance actions can't be utilized under section 544(b) or 548. The marital estate acts as an enclosure between the debtor's property and the bankruptcy estate, which: (a) encompasses all of the debtor's property, (b) encompasses all of the debtor's transferred property if it wasn't transferred, and (c) was awarded in the amount of 100% to the non-debtor spouse, and 0% to the debtor.

This Court must correct the many errors of law that remain given its correct marital property division.

## Motion for Rehearing Legal Standard

"A motion for rehearing under Fed. R. Bankr. P. 8022 is the bankruptcy counterpart to Federal Rule of Civil Procedure 59(a) and authorizes the district court to correct "manifest errors of law or misapprehensions of fact." *Sharif v. Fox (In re Sharif)*, Case No. 15-cv-10694 (N.D.Ill. Sep. 28, 2017) (citing *In re Dvorkin Holdings*, 2016 WL 1644323, at *2 (N.D.Ill. 2016)).

"A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*,

224 F.3d 601, 606 (7th Cir. 2000)). Motions to reconsider are granted in cases of manifest error of law. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010).

This Motion asserts sufficient points of fact and law that this Court overlooked and/or misapprehended to warrant this Court vacating its Memorandum Opinion and Judgment Order. Particularly, this Court would have reached a different result with respect to claims brought under sections 544(b) and 548, had it correctly applied controlling legal precedent.

## Argument and Mistakes of Fact and/or Law

### I.     Denial of Discharge § 727(a)(2)(A) | (Mistakes of Fact and Law)

In its Opinion, this Court affirms the denial of Michael's discharge under 11 U.S.C. § 727(a)(2)(A) for an alleged "sham sale" of a marital estate property Aston Martin vehicle. (Opinion pp. 36-37)

When analyzing these causes of action, given the corrected marital property division analysis, this Court made several mistakes of fact and law.

The alleged "sham sale" of the marital estate property Aston Martin vehicle occurred after the filing of the divorce.

> According to the operative complaint, after Elizabeth petitioned for divorce, the Illinois Circuit Court ordered Michael to sell his Aston Martin and relinquish the proceeds to Elizabeth's attorneys. FAC ¶ 115. Michael sold the vehicle to a dealership, which then sold it to Ma Cherie LLC, an entity wholly owned by Scott. Id. ¶¶ 118–19. Scott, it turns out, allowed Michael to retain possession of the vehicle. Id. ¶ 120. Michael also contemptuously retained possession of the sale proceeds. Id. ¶¶ 123–24. The bankruptcy court found that these actions constituted a transfer, removal, or concealment of Michael's property, perpetuated or permitted

by Michael with the "intent to hinder, delay, or defraud a creditor"—namely, Elizabeth.

(*See* Opinion pp. 37)

Therefore, this Court opined that Michael either transferred, removed, and/or concealed "Michael's property".

However, at the time of the sale, the Aston Martin vehicle was marital property, that belonged to the marital estate.

> What "species of common ownership" means is a more esoteric question. Unlike community-property states, Illinois law does not establish independent ownership interests in marital property at the moment it is acquired. Nor does Illinois wait to establish such interests until the divorce court issues a final order. Instead, Illinois occupies a middle ground. Divorcing spouses are vested with independent contingent interests in all marital property at the moment a divorce petition is filed. When the divorce court eventually divides marital property, the obtaining spouse's contingent interest in that property ripens into a full ownership interest. Conversely, the spouse who is not awarded the property sees his contingent interest vanish.

*Reinbold v. Thorpe (In re Thorpe)*, 881 F.3d 536, 540 (7th Cir. 2018)

At the time of the sale, both Michael and Elizabeth had a "species of common ownership" in the vehicle, which means that both Michael and Elizabeth had a 100% **contingent** interest in the vehicle, subject to the marital property division.

11 U.S. Code § 727(a)(2) states:

> (a) The court shall grant the debtor a discharge, unless—
> …
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>>> (B) property of the estate, after the date of the filing of the petition;

As this Court is aware, "property of the debtor" is not defined under the Bankruptcy Code, but § 727(a)(2)(A) only operates on "property of the debtor".

The question then becomes, did Michael transfer, remove, or conceal ***his property***, with an actual intent to hinder, delay or defraud a creditor ***of the estate***?

As a matter of law, Michael did not and could not have defrauded any creditor of the estate with respect to any action taken with the marital estate property Aston Martin vehicle.

We must look for guidance as to what constitutes property of the debtor:

> Section 541 defines "property of the estate" as, *inter alia*, all "interests of the debtor in property." 11 U.S.C. § 541(a)(1). In turn, § 548 allows the avoidance of certain transfers of such "interest[s] of the debtor in property." 11 U.S.C. § 548(a)(1). By incorporating the language of § 541 to define what property a trustee may recover under his avoidance powers, § 548 plainly allows a trustee to avoid any transfer of property that **would have been** "property of the estate" prior to the transfer in question—as defined by § 541—even if that property is not "property of the estate" *now. Cf. Begier v. IRS*, 496 U.S. 53, 58, 59 n. 3, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (reaching a similar conclusion about another avoidance provision, § 547 of the Bankruptcy Code); *Cullen Ctr. Bank & Trust v. Hensley (In re Criswell)*, 102 F.3d 1411, 1416 (5th Cir.1997) ("These § 541 'property of the estate' definitions have been directly linked with the term 'interest of the debtor in property' under § 547(b)."). Through this incorporation, Congress made manifest its intent that § 548 apply to all property that, absent a prepetition transfer, **would have been property of the estate**, wherever that property is located.

*French v. Liebmann (In re French)*, 440 F.3d 145, 151-152 (4th Cir. 2006), *cert. denied*, 549 U.S. 815 (2006) (emphasis added).

Clearly ***property of the estate*** is defined as ***interests of the debtor in property.*** Here, we need to define ***property of the debtor*** though.

Utilizing this caselaw, we can conclude that *if* the marital estate property Aston Martin vehicle was ***property of the debtor***, then it would therefore have become ***property of the bankruptcy estate*** (if it had not been sold) since, ***interests of the debtor in property*** become ***property of the bankruptcy estate***.

As this Court is aware, the marital estate property Aston Martin vehicle, had it not been sold, would have remained marital property in the marital estate, and would therefore **not have become** property of the bankruptcy estate. **Thus, is can't be considered property of the debtor.**

This makes sense, because at the time, all the debtor had was an *independent contingent interest* in the marital estate property Aston Martin, according to *Thorpe.*

Since the marital estate property Aston Martin vehicle never would have become property of the bankruptcy estate under any circumstance – whatever transpired with the Aston Martin is **immaterial** here.

The marital estate property Aston Martin vehicle was not property of the debtor; rather it was property of the martial estate, or put another way, a vehicle in which both Michael and Elizabeth had 100% contingent interests in… with Michael's interest vanishing due to the marital estate being awarded to Elizabeth.

Only in an alternative universe is it possible to believe that a debtor can be punished with a denial of discharge relating to actions that are immaterial to the bankruptcy case. This is not about harm or damage to any alleged creditors – Section

727(a)(2) exists to punish a debtor that attempts to conceal assets from the bankruptcy estate, to the detriment of creditors of the bankruptcy estate. It doesn't operate as a way to punish debtors for actions taken within marital dissolution proceedings, at the direction of the judge overseeing those proceedings.

Here, Michael could not have transferred or concealed the marital estate property Aston Martin vehicle from this bankruptcy estate, as it was no longer his property at the time of its sale. It was marital estate property, which he was ordered to sell by the divorce court, since all marital property is and was under the sole jurisdiction of the divorce court at the time of the sale.

**Only property awarded to Michael by the divorce court is _material_ to Michael's bankruptcy proceedings.**

> Finally, a fact is material "**if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.**" *Retz v. Samson, et al. (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010) (internal quotations and citations omitted); *see also Costello*, 299 B.R. at 900. "In determining whether or not an omission is material, the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors." *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) (quoting 4 Collier on Bankruptcy, ¶ 727.04[1], at 727-59). Other courts have held that the debtor "may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious." *Id.* (*quoting In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984)). In other contexts, we have stated that the "successful functioning of the Bankruptcy Code hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 496 (7th Cir. 2007) (*quoting In re Mascolo*, 505 F.2d 274, 278 (1st Cir. 1974)).

*Stamat v. Neary*, 635 F.3d 974, 982-83 (7th Cir. 2011).

The marital estate property Aston Martin vehicle has no relationship to the bankruptcy estate, nor was its sale detrimental to creditors of the bankruptcy estate. The marital estate property Aston Martin vehicle can't even be considered "property of the debtor" under all relevant case law, because it was not part of, and never could have been part of the bankruptcy estate, which includes all interests of the debtor in property.

**The marital property Aston Martin would not have made its way into the bankruptcy estate via 541(a), therefore it was not property that the debtor had an interest in for purposes of 727 (or any other section of the Bankruptcy Code).**

"However, the bankruptcy code grants the estate something slightly different from the debtor's pre-petition property interests: 'what the debtor could convey under local law rather than only what the debtor owned under local law.'" See *Reinbold v. Thorpe (In re Thorpe)*, 546 B.R. 172, 186 (Bankr. C.D. Ill. 2016), *aff'd*, 569 B.R. 310 (C.D. Ill. 2017) , *aff'd*, 881 F.3d 536 (7th Cir. 2018), *reh'g denied* (7th Cir. Feb. 21, 2018) , quoting *Belisle v. Plunkett*, 877 F.2d 512, 516 (7th Cir. 1989).

This Court made a clear manifest error of law in not finding error with the denial of discharge under 727(a)(2)(A), and made a clear manifest error of fact insofar as the marital property Aston Martin vehicle was property of the debtor at the time of its sale.

## II.     Denial of Discharge § 727(a)(4)(A) | (Mistakes of Fact and Law)

In its Opinion, this Court affirms the denial of Michael's discharge under 727(a)(4)(A) for making false oath(s) related to ZZC, Inc. (Opinion pp. 37-38)

When analyzing these causes of action given the corrected marital property division analysis, this Court made several mistakes of fact and law.

Specifically, any statements Michael may have made related to ZZC, Inc. are **immaterial** to the bankruptcy case, and therefore 727(a)(4)(A) doesn't apply.

A denial of discharge under 727(a)(4)(A) requires that the false oath or statement be related materially to the bankruptcy case.

> One of those exceptions, found in section 727(a)(4), provides in relevant part that the court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account. . . ." 11 U.S.C. § 727(a)(4)(A). We have stated that the Trustee must establish grounds for denial of discharge under 11 U.S.C. § 727(a). by a preponderance of the evidence. *In re Scott*, 172 F.3d at 966-67. Other circuits and bankruptcy courts in this circuit have specified that to prevail on a claim under this subsection, the Trustee must prove by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and **(5) the statement related materially to the bankruptcy case.** *The Cadle Company v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009) (*citing Sholdra v. Chilmark Fin. LLP (In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001)); *Keeney v. Smith (In reKeeney)*, 227 F.3d 679, 685 (6th Cir. 2000); In re Self, 325 B.R. 224, 245 (Bankr. N.D.Ill. 2005); *In re Olbur*, 314 B.R. 732, 745 (Bankr.N.D.Ill. 2004). "In bankruptcy, `exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor.'" *In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002) (*quoting In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)).

*Stamat v. Neary*, 635 F.3d 978-79.

As explained above by the Seventh Circuit, a fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery

of assets, business dealings, or the existence and disposition of the debtor's property."

The bankruptcy estate has no interest in ZZC, Inc. It has no interest in Zig-Zag Corp. It has no interest in any marital property. It has no interest in the marital estate. It has no interest in any property that was ever property of the debtor.

The bankruptcy estate has no assets. Section 544(b) and 548 may not be used to avoid transfers of property that would have become marital property if it had not been transferred.

There exists no mechanism, under the law, to bring assets into the bankruptcy estate.

Therefore, any statements, oaths, or other accounts made by Michael, in relation to ZZC, Inc. are **immaterial** to the bankruptcy case – because ZZC, Inc. is not an asset of the debtor; it is not property of Michael – it is and was and would have been marital estate property, just like everything else – and therefore be **immaterial** to the bankruptcy estate, since the **entire marital estate was awarded to Elizabeth,** and *nothing* was awarded to Michael.

This Court made a clear manifest error of law in not finding error with the denial of discharge under 727(a)(4)(A), and made a clear manifest error of fact insofar as Michael made any false ***material*** statements related to the bankruptcy estate.

11

## Conclusion

The only **material** statement that Michael made – at all – is in 2014 when he stated that he was involved in ongoing divorce proceedings, that were initiated before he filed his bankruptcy petition. After that, nothing else matters, as the divorce court awarded the entire marital estate to the non-debtor spouse. Michael was awarded nothing.

The Trustee, and the bankruptcy court, **did not follow the law.** They did not wait for the divorce court to divide marital property. They did not wait to see if bankruptcy estate's *contingent* interest in marital property would ripen into ownership – or vanish.

**It vanished.**

This is, and was, and will always be, **a no-asset bankruptcy case**. It is a no-asset bankruptcy case for one single reason: **The marital property division.**

As soon as **the entire marital estate** was awarded to Elizabeth, any and all interests in property held by the bankruptcy estate **vanished**.

The fraudulent transfer actions brought under section 544(b) and 548 must also fail, as a matter of law, because none of the property alleged to have been transferred would have become property of the bankruptcy estate, even if the transfers hadn't occurred. It is a requirement under both Illinois and federal law that

only a creditor (or trustee) that **would have** benefited from the transferred property, had it not been transferred, may bring an avoidance action.

No actions taken by Michael could have ever harmed creditors of the bankruptcy estate, or the Trustee.

The Trustee proceeded unlawfully, without authority – despite Michael's many objections. The Trustee, of course, was well aware of this, which is why he filed multiple motions in an attempt to have the bankruptcy court issue an order staying the divorce court proceedings.

The only event that matters, **that is material** to the bankruptcy estate – is the marital property division. That division, caused all *contingent* interests the bankruptcy estate has, had or may have had… to **vanish**.

That division was not made by Michael. It was **ordered by the divorce court**.

Under Illinois law, the Trustee, standing in the shoes of a creditor, has no recourse. **All property interests in this case are decided under Illinois law**. Illinois law clearly illustrates that any creditor of the debtor – is simply cut off as of the divorce filing date.

All of Michael's property became Elizabeth's property in 2013, before the bankruptcy filing. If Michael concealed assets – those assets belong to Elizabeth. If Michael made false oaths – those oaths only relate to property of Elizabeth. Everything belongs to Elizabeth.

The Trustee and the bankruptcy court can't adjudicate an action for the dissolution of a marriage. What they can do is adjudicate the property of the debtor. There is no property belonging to the debtor. There can't be any property, and there can't be any avoidance actions brought that don't fail as a matter of law.

WHEREFORE, Michael respectfully requests that this Court (a) grant Michael's Motion for Rehearing by vacating its prior Opinion and related judgments and entering an opinion and judgment order finding that the bankruptcy court erred in denying Michael's discharge, and (b) such other relief as may be equitable and just. Michael reserves the right to appeal all issues to the Seventh Circuit, including those that have not been addressed here.

Dated: October 14, 2022                                    Respectfully Submitted,

Prepared By:

Michael Wolf (404-654-0513)                         /s/Michael Wolf
wolflegalusa@gmail.com                              Michael Wolf, *pro se*
320 Central Avenue, Unit 141                        320 Central Avenue, Unit 141
Sarasota, Florida 34236                             Sarasota, Florida 34236
                                                    404-654-0513
                                                    wolflegalusa@gmail.com

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

This document complies with the type-volume limit of Fed. R. Bankr. P. 8022(b)(1) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g) and F.R.App.P. 32(f):

[ x ]        this document contains **3,441** words, **or**

[    ]        this brief uses a monospaced typeface and contains _____ lines of text.

This document complies with the typeface requirements of Fed. R. Bankr. P. 8022(b), 8013(f)(1) and (2), F.R.App.P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of F.R.App.P. 32(a)(6) because:

[ x ]        this document has been prepared in a proportionally spaced typeface using **Microsoft Word** in **14-point Times New Roman**, **or**

[    ]        this brief has been prepared in a monospaced typeface using _____ with _____.

Dated: October 14, 2022

Prepared By:

Michael Wolf (404-654-0513)
wolflegalusa@gmail.com
320 Central Avenue, Unit 141
Sarasota, Florida 34236

I certify the above,

/s/Michael Wolf
Michael Wolf, *pro se*
320 Central Avenue, Unit 141
Sarasota, Florida 34236
404-654-0513
wolflegalusa@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Wolf, hereby certify that I caused a true and correct copy of the foregoing *APPELLANT/DEFENDANT MICHAEL WOLF'S FED. R. BANKR. P. 8022 MOTION FOR REHEARING / RECONSIDERATION*, and the documents referred to therein, to be served on the parties listed below via third-party commercial carrier and/or mail, and/or via email, and/or via fax, as well as electronically via the Court's CM/ECF system (all as indicated below on the service list), on the 14th day of October, 2022.

**SERVICE LIST**

via ELECTRONIC MAIL (and via CM/ECF where noted):

| | | |
|---|---|---|
| N. Neville Reid | CM/ECF | nreid@foxswibel.com |
| Daniel Patrick Dawson | CM/ECF | adrag@nisen.com, ddawson@nisen.com |
| Catherine L. Steege | CM/ECF | docketing@jenner.com |
| | | csteege@jenner.com |
| Faye B. Feinstein | CM/ECF | faye.feinstein@quarles.com |
| Hailey Ann Varner | CM/ECF | HVarner@perkinscoie.com |
| Travis Jon Eliason | CM/ECF | Travis.Eliason@quarles.com |
| Holly A. Harrison | CM/ECF | hollyharrison@hlawllc.com |
| Jason Fitterer | CM/ECF | JasonFitterer@hlawllc.com |
| | | |
| Gordon Elliot Gouveia | | ggouveia@foxrothschild.com |
| Christina M Sanfelippo | | csanfelippo@cozen.com |
| Robert Michael Fishman | | rfishman@cozen.com |
| Scott Wolf | | scottwolf.0330@gmail.com |
| United States Trustee | | pat.s.layng@usdoj.gov |
| U.S. Bankruptcy Court, Clerk | | ilnb_appeals@ilnb.uscourts.gov |

Dated: October 14, 2022

Signed,

Prepared By:

/s/Michael Wolf

Michael Wolf (404-654-0513)
wolflegalusa@gmail.com
320 Central Avenue, Unit 141
Sarasota, Florida 34236

Michael Wolf, *pro se*
320 Central Avenue, Unit 141
Sarasota, Florida 34236
404-654-0513
wolflegalusa@gmail.com